(Superior Court of Cincinnati) General Term, June, 1897.

## ALEXANDER McDONALD v. CITY OF CINCINNATI.

*Appropriation to private sewers—Compensation to the owners.—*

Where a municipal corporation has appropriated a private sewer to public uses by depriving the owner of all dominion or control over it, or has appropriated it for a special purpose, and the owner has ratified the act by tendering a sufficient deed as an extinguishment of all title to the property wrongfully taken, it is for the jury, under proper instructions, to determine the compensation to be assessed for any property so appropriated to public uses.

(Decided Tuesday, June 1, 1897.)

HUNT, J.

This case comes before the court in error to the Special Term.

In July, 1891, the plaintiff, Alexander McDonald, purchased three lots, described as lots numbered 22, 25 and 27, in the Zoological and Syndicate sub-division. These lots had a frontage of fifty feet each on Erkenbrecher avenue, and extended back the same width to their depth, being about 150 feet. At the time the lots were purchased by the plaintiff, there was a stone sewer constructed on them. It was a large culvert, six feet in diameter, with what is known as an eighteen inch rim and crossed the lots at right angles, at a distance of about ninety-five feet from Erkenbrecher avenue, and about fifty feet west of a ravine on said lots (5 and 6.) In mid way of the lots, there was a man-hole of sufficient dimensions to admit a man into the sewer. The sewer in question had been built a number of years prior to the time that either the Zoological and Syndicate, or the plaintiff had purchased the ground, and had been constructed in connection with what is known as the French sewer which lay immediately south and connected with the sewer, and was used for surface water only.

The City of Cincinnati, prior to the year 1893, adopted sewer district No. 17, which comprises about three hundred acres. It constructed a number of lateral sewers, and then constructed a large sewer which it brought down and connected with the French sewer on the south end.

The city of Cincinnati, subsequently, but before the filing of the petition in this case, constructed a sewer about four thousand feet in length and made a connection on the north end of the sewer of the plaintiff, and since 1892, the city of Cincinnati, in its published reports that of 1895 being attached and made part of the record has made the sewer in question, a part of its entire system of sewerage for district No. 17 ; and all the sewerage of the same, including the surface water, passes through it. The city of Cincinnati, has constructed a lateral

sewer, seven feet south of the property of the plaintiff, on Dexter avenue, and turned it into this stone sewer, and has also constructed a lateral sewer in front of the property on Erkenbrecher avenue, and turned it into this stone sewer.

The plaintiff, before bringing this action, tendered to the defendant by quit-claim deed, the sewer, together with an easement to the ground when the same was constructed for the use and maintenance of the same. The petition alleges the appropriation of the sewer by the city of Cincinnati, in connecting its sewers at each end of the sewer in question, and thus causing an additional amount of surface water, and all the sewers of the district to pass through the sewer. It further alleges the necessity of the sewer to the city, the willingness of the plaintiff to satisfy the wrongful act of the city in appropriating the sewer, and offers to convey the sewer and easement by proper conveyance upon payment of the sum of $2,67.50, which it claims is a just compensation for the same.

The city of Cincinnati files a general denial.

At the conclusion of all the testimony below, both for plaintiff and defendant, the court, on motion of the defendant, instructed the jury to return a verdict for the defendant, to which the plaintiff, excepted, and filed a motion for a new trial which was over-ruled, and error is now prosecuted to reverse the judgment on the court in special term.

It is provided by the constitution of the state of Ohio that private property shall ever be held inviolate, but subservient to the public welfare. When private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury without deduction for benefits to any property of the owner. The power to appropriate property for the public use is the exercise of the power of eminent domain. This power may be exercised through the General Assembly, or as authorized or directed by the General Assembly under constitutional limitation.

Under paragraph 21 of section 1692 R. S., cities and villages are granted the power to open, construct and keep in repair, sewers, drains and ditches. Under paragraph 19, section 2232, cities are granted the power to appropriate, enter upon and hold real estate within their corporate limits, * * * * for sewers, drains and ditches; and for this purpose *the corporation shall have power to appropriate, enter upon and take private property lying outside of the corporate limits.*

The statute provides that when it is deemed necessary by a municipal corporation to appropriate private property, the council shall, by resolution, declare such intent, defining therein the purpose of the appropriation and setting forth a pertinent description of the property designed to be ap-

propriated; that the application shall be made to the court that notice shall be given, and that assessment of compensation to the owner shall be made by a jury of twelve men duly sworn to discharge that duty, and that the court may direct the time and manner in which possession of the property condemned shall be taken and delivered.

While such proceedings are provided for by statute, yet the appropriation of private property may be made by a municipal corporation for sewers under its power of eminent domain. In the event that a municipal corporation enters upon private property for the purposes of a sewer without complying with the provisions of the statute, and the owner on discovering that the land has been so taken ratifies the act, then the appropriation is in fact made, and the owner is entitled to such compensation, to be assessed by a jury, as he would have been entitled to had there been a compliance with the provisions of the statute.

This principle is recognized in the case of Longworth v. Cincinnati (48 Ohio State 637) where the court says that:

"Where in an action for compensation for land unlawfully taken by a municipal corporation * * * * and devoted to public uses * * * * it appears that the owner upon learning that the lands had been so taken, acquiesced in the appropriation as an accomplished fact and ratified it by tendering a sufficient deed of the premises conveying title to the corporation, and by offering to allow judgment, that upon the value of the premises being fixed, and payment of the same, plaintiff should be ordered to convey to the corporation, a case is made entitling plaintiff to recover the value of the land." The court continuing on page 640, in speaking of the position of the city says:

"It could have acquired a right in the land by appropriation, paying its value. This it chose not to do, but rather to incur the risks attending a wrongful seizure; yet while the act was wholly indefensible, the parties to it obtained a valuable privilege in the use of the street; but the owners' rights were not extinguished. They were entitled, unless prevented by their own acts or omissions, to recover the land itself or to demand a compensation for its value. If compensation would make them whole, and they were content to accept that in full satisfaction, and as an extinguishment of all right in and title to the land thus wrongfully taken, it would seem that no injustice would result from that remedy; surely the city was not in a position to complain."

It *is* the contention of the plaintiff that the city of Cincinnati is now using and exercising the same control and dominion over the sewer in controversy, as it does over any of the sewers in the district, and that the plaintiff is left with only such rights as belong to the owner of abutting property under permission to use the sewer. His dominion over it and his power of choice as to the uses to which he will devote it are materially limited, as that, in short, the City of

Cincinnati acquires a permanent easement in it.

It has been held in Reeves v. Treasurer (8 Ohio St. 333) that the right to pass sewerage over the premises of another is a property right, and that an easement is property, and to the extent of such easement private property is taken within the meaning and spirit of the constitutional prohibition.

See also McQuillan v. Hatton, 42 O. S. 202.

If the City of Cincinnati, by its acts has appropriated the sewer in the sense that it has deprived the plaintiff of all dominion and control over it, and limited him to only such rights as may be vested in the owner of abutting property under permits to use the same, then the plaintiff would be entitled to compensation for such appropriation as of the right of way for the sewer. If, on the other hand, the city has taken the sewer for a special purpose, and has not deprived the plaintiff of his rights further than that the owner shall not use the sewer for purposes inconsistent with the special purpose for which the city has taken it, then the city has taken only the easement in the sewer. In any event, the case was probably referable to a jury, under proper instructions of the court, to determine whether in fact there has been an appropriation by the city of Cincinnati of the property of the plaintiff, and as to the character and value of any property so appropriated for public uses.

The court is of the opinion that there was error in the court in special term in arresting the testimony from the jury and in directing a verdict for the defendant.

The judgment of the court in Special Term is reversed and the cause remanded.

SMITH and JACKSON JJ. concurring.

Burch and Johnson for plaintiffs in error.

Frederick Hertenstein, Corporation Counsel, contra.